UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | |
|---|---|
| ANOTNIO FERGUSON, | ) |
| | ) |
| *Petitioner*, | ) Civil Action No. 09-72 |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| SUPERINTENDENT DAVID DIGUGLIELMO, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF THE COUNTY OF ERIE, BRADLEY H. FOULK, | ) |
| | ) |
| *Respondents*. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Lisa Pupo Lenihan, United States Magistrate Judge, recommending that the Court deny Petitioner's "Motion to Reopen Case," which Judge Lenihan interpreted as a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Doc. 41. Specifically, the R&R states that Petitioner, in his motion, alleges that there has been "a drastic change in material fact and circumstances" that warrant amending the Court's 2010 denial of his petition for a writ of habeas corpus. *Id.* at 1 (quoting Pet'r's Mot., Doc. 40 at 1, and citing Order, Doc. 18). According to Petitioner, a police officer who testified at Petitioner's trial that Petitioner had confessed to the underlying crimes, was, months later, "convict[ed]" of perjury. Doc. 40 at 2. Petitioner, in his motion, maintains that this "conviction" should have been disclosed to him and the state appellate courts reviewing his claims on direct appeal. *See id.* at 3-11. Petitioner's motion, the R&R finds, challenges his underlying

1

conviction and not the manner in which the Court's earlier habeas judgment was procured. *Id.* Thus, the R&R holds, Petitioner's Rule 60(b) motion constitutes a successive habeas petition. Doc. 40 at 4 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), and *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)). Pursuant to 28 U.S.C. § 2254, permission to file a successive petition can be granted only by the Third Circuit; thus, the R&R concludes, the Court lacks jurisdiction over Petitioner's motion. *Id.* at 4-5. Petitioner filed objections to the R&R. Doc. 42. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Here, Petitioner's objections largely restate the allegations he put forth in his motion. *Compare* Pet'r's Mot., Doc. 40 *with* Pet'r's Objs., Doc. 42. Accordingly, Plaintiff's objections do not trigger *de novo* review.[1] *See Goney*, 749 F.2d at 6-7. In any event, the R&R is correct that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition" over which a district court lacks jurisdiction pursuant to § 2244(b)(1). *Pridgen*, 380 F.3d at 727. Here, for the reasons stated in the R&R, the Petitioner has presented no reason to alter the Court's prior dismissal of his habeas petitioner. *See* R&R, Doc. 41; Pet't's Objs., Doc. 42; *see also United States v. Tam*, 2005 WL 1030197, at *5 (E.D. Pa. May 3, 2005). Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Doc. 41];

---

[1] Moreover, as explained in the R&R, the relevant police officer was neither charged with nor convicted of perjury. *See* Doc. 40 at 5 n.3 (citing Exs. A-D, Pet'r's Mot., Doc. 40).

2

(2) Petitioner's Motion to Reopen Case [Doc. 40] is **DENIED**;

(3) A certificate of appealability is **DENIED**;

(4) The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 11th day of September, 2017.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE